IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MICHAEL GREENBERG | § | |
| | § | |
| V. | § | No. 5:22CV138-RWS-JBB |
| | § | |
| GREEN DOT CORPORATION | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The Court *sua sponte* recommends Plaintiff's above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

In his original complaint, Plaintiff Michael Greenberg ("Plaintiff"), appearing *pro se*, asserts generally that the Court has jurisdiction under 28 U.S.C. § 1331, which provides federal jurisdiction for cases arising under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff alleges he purchased a Walmart money card backed by Defendant Green Dot Corporation ("Green Dot") in the amount of $3,300.00. According to Plaintiff, he was arrested and incarcerated beginning October 3, 2020, and during the arrest and incarceration process, his money card was lost. Beginning in December of 2021, Plaintiff wrote a series of letters to Green Dot at an address in Pasadena, California, explaining that he had been arrested on October 3, 2020, his money card had been lost, he was unable to receive a replacement card, and he could not call or email the company. Plaintiff states he received no response to his letters. Plaintiff asks for judgment in the amount of $3,300.00, plus interest, attorneys fees, and costs.

On December 8, 2022, after reviewing Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) and Plaintiff's complaint (Dkt. No. 1), the Court *sua*

1

*sponte* issued an order directing Plaintiff to file a more detailed complaint within twenty days, curing the deficiencies identified in the order. Dkt. No. 4. The Court noted that the Court's ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) is stayed until such time as the Court determines whether it has jurisdiction over this cause of action. The Court further advised Plaintiff that failure to file an amended complaint which complied with the order would result in a recommendation that this lawsuit be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff acknowledged receipt of the order on January 6, 2023. Dkt. No. 5. As of this date, Plaintiff has failed to file an amended complaint as ordered by the Court.

## SUBJECT MATTER JURISDICTION

The court must always examine the threshold question of whether it has subject matter jurisdiction. *Garrison v. Dep't of Energy*, No. 5:22CV34-RWS-CMC, 2022 WL 1206673, at *1 (E.D. Tex. Mar. 2, 2022), *report and recommendation adopted*, No. 5:22-CV-00034-RWS, 2022 WL 1204095 (E.D. Tex. Apr. 22, 2022) (citing *Stebbins v. Texas*, No. 3:11-CV-2227-N BK, 2011 WL 6130403, at *2 (N.D. Tex. Oct. 24, 2011), *report and recommendation adopted*, No. 3:11-CV-2227-N BK, 2011 WL 6130411 (N.D. Tex. Dec. 9, 2011)). That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *Id.* (citing *Stebbins*, 2011 WL 6130403, at *2 (citing *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); also citing FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."))). The parties can never consent to federal subject matter jurisdiction, and lack of jurisdiction is a defense which cannot be waived. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The court's dismissal of a case for lack of subject matter jurisdiction is not based on the merits and does not prevent the plaintiff from bringing suit in a court with proper jurisdiction. *See Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

A district court's original jurisdiction consists of either federal question jurisdiction or diversity jurisdiction. *Hitchins v. Gale*, No. 2:18-CV-95, 2018 WL 7502403, at *5 (S.D. Tex. Nov.

7, 2018), *report and recommendation adopted*, No. 2:18-CV-95, 2019 WL 1003141 (S.D. Tex. Mar. 1, 2019) (citing 28 U.S.C. §§ 1331, 1332). Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

For a plaintiff to invoke the diversity jurisdiction of the court, there must exist complete diversity between the parties and the plaintiff must allege facts that show that the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332. It is well-established that the diversity statute requires "complete diversity" of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. *Corfield v. Dallas Glen Hills L.P.*, 355 F.3d 853, 857 (5th Cir. 2003) (citations omitted). Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business. *Eng. v. Aramark Corp.*, 858 Fed. Appx. 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n. 6 (5th Cir. 2009)).

## **DISCUSSION**

Because Plaintiff chose to file a lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he fails to do so, this lawsuit must be dismissed. *See, e.g., Smith-Lindley v. Tex., Dep't of Family & Protective Servs.*, No. 3:12-cv-4819-K, 2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction."). It has been over six weeks, and Plaintiff has not filed an amended complaint as ordered by the Court, despite the fact the Clerk of the Court made him aware of the December 8

Order.[1]

Although Plaintiff alleges the Court has jurisdiction under 28 U.S.C. § 1331, Plaintiff at this time has not pleaded a federal cause of action, thereby triggering the Court's federal question jurisdiction. Plaintiff does not identify any constitutional provision, federal law, or treaty under which his claim arises. Nor does he plead any facts to suggest that Green Dot's alleged failure to respond to his letters or to replace his money card amounts to a violation of the Constitution, laws, or treaties of the United States. Thus, Plaintiff has not shown the Court has federal question jurisdiction.

Nor has Plaintiff, after having opportunity to do so, shown the Court has diversity jurisdiction. Although Plaintiff states Green Dot is "organized under the laws of California," Plaintiff does allege the state where it has its principal place of business/headquarters.[2] Additionally, as pointed out in the December 8, 2022 Order, Plaintiff must establish his own state of residence, which is where Plaintiff lived prior to incarceration.[3] The complaint does not reflect where Plaintiff lived prior to his incarceration.

---

[1] Because the docket sheet did not reflect the December 8, 2022 Order was first mailed with an acknowledgement card, on January 4, 2023, the Clerk of the Court resent the order via regular mal and with an acknowledgement card. On January 11, 2023, Plaintiff acknowledged he received the December 8, 2022 Order on January 6, 2023. Dkt. No. 5.

[2] A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated, and of the State or foreign state where it has its principal place of business. *Emerald Land Corp. v. Chevron U.S.A. Holdings, Inc.*, No. 6:17-CV-01655, 2018 WL 3090798, at *1 (W.D. La. May 22, 2018), *report and recommendation adopted sub nom. Emerald Land Corp. v. Trimont Energy (BL) LLC*, No. 6:17-CV-01655, 2018 WL 3079179 (W.D. La. June 21, 2018) (citing *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014)). "Principal place of business" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010); also citing *Bullard v. MECO Corp.*, 2015 WL 12938978 at *4 (E.D. Tex. 2015)). In practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, meetings attended by directors and officers who have traveled there for the occasion). *See id.* A corporation can have only one principal place of business, which is where top officers direct the corporation's activities and not necessarily where a corporation's general business activities take place or where its plants, sales locations, or employees are located. *Id.* (citing *Elizondo v. Keppel Amfels, L.L.C.*, No. 1:14-CV-220, 2015 WL 1976434, at *4 (S.D. Tex. May 1, 2015); also citing *Bullard*, 2015 WL 12938978, *4).

[3] In his typed complaint, Plaintiff states he is an individual "residing and incarcerated at Federal Correctional Institution Texarkana, in Texarkana, Texas." Dkt. No. 1, ¶ 3. However, for purposes of venue, "[o]ne does not change his residence to the prison by virtue of being incarcerated there." *Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) (citing *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972) (quoting *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962))). Rather, an incarcerated person resides in the district where he was legally domiciled before his incarceration. *Id.*

In addition to the lack of allegations showing there is complete diversity between the parties, the allegations in the original complaint do not show that the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a). Rather, on the face of his complaint, Plaintiff asks for judgment in the amount of $3,300.00, plus interest, attorneys fees, and costs. Where possible, the amount in controversy is determined from the allegations of the complaint. *Redford v. Greendot Corp.*, No. CV 20-3260 JGB (PVC), 2021 WL 785147, at *7 (C.D. Cal. Jan. 14, 2021), *report and recommendation adopted*, No. CV 20-3260 JGB (PVC), 2021 WL 784955 (C.D. Cal. Feb. 26, 2021) (citing *Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 965 (9th Cir. 2020) ("[W]e generally calculate the amount in controversy by examining the face of the well-pleaded complaint.")). If "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," diversity jurisdiction cannot be maintained. *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); also citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)). From the face of the complaint, it appears to a legal certainty that a purported loss of $3,300.00 could not give rise to actual damages of $75,000.000.

What is more, Plaintiff has failed to obey an Order of the Court; he did not file an amended complaint which demonstrates this Court has subject matter jurisdiction over his cause of action.[4] The burden of proof is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E. D. Tex. 1995), *aff'd*, 102 F.3d 551 (5th Cir. 1996). Plaintiff has not met his burden. As set out in detail above, Plaintiff has not properly alleged a federal question or complete diversity of parties and the requisite amount in controversy for a diversity action. Accordingly, the Court recommends Plaintiff's cause of action be dismissed without prejudice.  Based on the foregoing, it is

---

[4] A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *see also* FED. R. CIV. P. 41(b).

**RECOMMENDED** that the above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and for failure to obey an order of the Court.

<u>Objections</u>

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 27th day of January, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE